IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11180
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HUGIE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CR-13-6
- - - - - - - - - -
June 30, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

David Hugie has appealed the 37-month prison sentence he received on his guilty plea of having conspired to distribute, and to possess with intent to distribute, controlled substances. We AFFIRM.

Hugie's sole appellate contention is that the district court erred by concluding that the Attorney General's permanent rescheduling of certain controlled substances violates Article I, § 7 of the Constitution. Specifically, Hughie complains of the rescheduling of methylphenidate (Ritalin) from Schedule III to

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Schedule II, which increases the maximum penalties for offenses involving it. Hugie's prison term is considerably less than the five-year maximum which can be imposed for a Schedule III offense. <u>See</u> 21 U.S.C. § 841(b)(1)(B) and (C).

The Government contends that Hugie waived his right to raise this issue, by the plea agreement which he and his counsel signed. Hugie has not attempted to refute the Government's contention, which we find to be meritorious. <u>See</u> <u>United States v. Portillo</u>, 18 F.3d 290, 292-93 (5th Cir. 1994). Accordingly, the district court's judgment is AFFIRMED.